## ESTATE OF PHILIP DONOHO.

No. 8659—Oct. 11, 1877.

WILL.—OLOGRAPHIC.—SIGNATURE in this manner: "This is the last will of Philip Donoho," at the commencement of an olographic will, there being no subscription at the foot, is sufficient. It is otherwise with a will attested by witnesses, such attestation requiring a *subscribing*, and not a mere *signature*. This rule is in conformity with the common law decisions, the civil law of Europe requiring a subscription.

It must appear, however, that the document has been completed.

Construing sections, C. C., 1276-7; C. C. P., 1309.

*George & Loughborough,* for proponents.

*E. J. Pringle* and *J. M. Allen,* for contestant.

*J. F. Finn,* for heirs.

The entire paper was written by the hand of the deceased. It is dated; but no name is subscribed at the foot. The paper is complete in itself as to the disposition of property. It was found in the safe of the deceased. The name of the deceased appears in the paper at the commencement only, which reads thus: "This is the last will and testament of me, Philip Donoho," etc.

MR. PRINGLE: The paper must be signed at the foot. Sec. 1277, Civil Code, which requires that an olographic will must be signed, is taken from the civil law, and the decisions under that law are that the signature must be at the foot. When a statute is taken from the civil law, we must go to the civil law decisions for authorities concerning it.

MR. LOUGHBOROUGH: The common law decisions are uniform that the name may appear anywhere in the instrument.

The COURT: Sec. 1277 provides that an olographic will must be "signed;" Sec. 1276, relating to other wills provides that they must be "subscribed at the end thereof;" evidently recognizing a distinction. Even if the word "signed" in Sec. 1277, be taken from the civil law, it is a word known to the common law, and the common law decisions are to be

used in ascertaining its meaning.   It is not necessary that the name of the testator be *subscribed at the end* of an olographic will; it is sufficient if the name appear anywhere in the instrument, provided the paper shows on its face that it is complete as a testamentary paper.

Objection overruled.